ORIGINAL

DEF
c/m

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
J & J SPORTS PRODUCTIONS, INC., as
Broadcast Licensee of the October 1, 2005
TARVER/JONES II Program,

                    Plaintiff,

   -against-                               **MEMORANDUM AND ORDER**
                                                            No. 06-CV-479 (FB) (SMG)

JUSTO REALES and CECILIO WATERMAN,
Individually and d/b/a K'S BARBER SHOP
a/k/a K BARBER SHOP, and K'S BARBER
SHOP a/k/a K BARBER SHOP,

                    Defendants.
------------------------------------------------------------x

*Appearances:*
*For the Plaintiff:*
JULIE COHEN LONSTEIN, ESQ.
1 Terrace Hill, Box 351
Ellenville, NY 12428

**BLOCK, Senior District Judge:**

        On April 9, 2007, Magistrate Judge Steven M. Gold issued a Report and Recommendation ("R & R") recommending that default judgment be entered against the defendants in the amount of $6,575 – composed of $5,000 in statutory damages and $1,575 in attorneys' fees and costs – and denying plaintiff's request for injunctive relief. The R & R states that "[a]ny objections to this report and recommendation must be filed with the Clerk of the Court . . . within ten days of receipt and in any event no later than April 27, 2007," R & R at 11, and that "[f]ailure to file timely objections may waive the right to appeal the District Court's Order." *Id.* Plaintiff served a copy of the R & R on the defendants by certified mail on April 10, 2007. *See* Docket Entry #14 (Certificate of Service). To date, no

1

objections have been filed.

Where, as here, clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R & R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

As no error appears on the face of the Magistrate Gold's R & R, the Court adopts it without *de novo* review. The Clerk is directed to enter judgment to the extent permitted by the R & R.

**SO ORDERED.**

/signed/
_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
April 30, 2007

2